**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re Application of<br><br>TOPTAL, LLC,<br><br>            *Applicant.* | No. _____ |

**DECLARATION OF AMY MCCANN ROLLER IN SUPPORT OF 28 U.S.C. § 1783**
**APPLICATION FOR THE ISSUANCE OF SUBPOENAS TO JANE LANHEE LEE**

1. My name is Amy McCann Roller, I am over the age of 18, and I am counsel to Toptal, LLC. I am an attorney at Meier Watkins Phillips Pusch LLP and my work address is 1120 20th Street NW, Suite 550, Washington, DC 20036. I submit this declaration in support of Toptal's § 1783 application. I have personal knowledge of the facts set forth herein except those stated on information and belief and as to those matters I believe them to be true.

2. In the Delaware Litigation, discovery is currently set to be substantially completed by June 5, but the parties are in the process of negotiating an extension of that deadline to slightly later in the summer. With or without the fact-discovery extension, the case is set for trial in May 2027.

3. Jane Lanhee Lee is a now-former Bloomberg reporter who, according to publicly available information, currently resides in Taiwan. Based on (among other things) public voter registration records showing that Lee had been registered to vote in the U.S. continuously since the mid-1990s, I have concluded that Lee is a U.S. national and citizen.

1

4.       According to Lee's public LinkedIn page,[1] Bloomberg employed Lee between 2023 and February 2026. Available information shows that, while at Bloomberg, Lee participated in the reporting giving rise to the Delaware Litigation and is, accordingly, a key fact witness with information relevant to this case.  Bloomberg has designated nearly all produced communications confidential pursuant to a protective order, preventing me from sharing any additional detail about Lee's role in the publication.

5.       Toptal was not initially aware of the extent of Lee's involvement or, correspondingly, the need to depose Lee because Bloomberg did not initially identify Lee in its response to Toptal's interrogatory seeking all persons involved in the defamatory reporting.

6.       It was not until March 23, shortly after Lee left Bloomberg, that Lee's role was understood, when Bloomberg first produced communications documenting her involvement.

7.       On March 30, my colleague Megan Meier emailed Bloomberg asking for its employee's deposition dates. That list of deponents included Lee. On April 2, Bloomberg responded generally that they were working on dates, without specifying any issues or raising the need for an international subpoena.

8.       On April 12, my colleagues met and conferred with Bloomberg again.  During that meeting, Bloomberg first disclosed my colleagues that Lee was no longer employed by Bloomberg, but indicated that it was actively working to obtain dates for Lee's deposition. Bloomberg did not raise the need for an international subpoena on April 12. Bloomberg has arranged other former employee's depositions without a subpoena in this case.

---

[1] https://www.linkedin.com/in/jane-lanhee-lee-a2b28728/?originalSubdomain=tw.

9.      It was not until April 22, when my colleagues again met and conferred with Bloomberg, that Bloomberg abruptly reversed course, telling Toptal it would have to obtain compulsory process to depose Lee.

10.     I understand from discovery that Bloomberg reporters sometimes use personal devices for newsgathering.

11.     Lee's LinkedIn currently lists "jane@quantumjane.co" as her primary contact information.  A true and correct copy of Jane Lee's LinkedIn profile, as it appeared on April 28, 2026, is attached as **Exhibit 4** to Toptal's Application.

I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed this 4th day of May 2026  in Washington, D.C.

By: /s/Amy McCann Roller
Amy McCann Roller

3