**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re Application of | |
| TOPTAL, LLC, | C.A. No. 26-mc-223-RGA |
| *Applicant.* | |

**SUPPLEMENT IN RESPONSE TO THE COURT'S MAY 13 INQUIRY**

Applicant Toptal, LLC writes to provide additional information regarding the applicability of the Walsh Act, 28 U.S.C. § 1783, to subpoenas seeking evidence for use in state court, as requested by the Court.

**A.      Background of § 1783**

Currently, the Walsh Act, 28 U.S.C. § 1783 (2024), provides that "[a] court of the United States may order the issuance of a subpoena requiring the appearance as a witness before it, ***or before a person or body designated by it***, of a national or resident of the United States who is in a foreign country, ***or requiring the production of a specified document or other thing by him,***" upon a specified showing. § 1783(a). Originally, § 1783 varied substantially from today's law and (among other things) only permitted courts to "requir[e] appearance as a witness before it." 28 U.S.C. § 1783 (1958). But in late 1964, the statute was amended to expand its reach—it now includes the authority to compel a U.S. national residing abroad to testify "before a person or body designated by [the court]," or to produce documents. *Id.* § 1783(a) (2024); *see also People v. Herrera*, 232 P.3d 710, 719 n.6 (Cal. 2010) ("The version of … [§] 1783 that applied in [1982's]

1

*St. Germain* differed substantially from the [pre-amendment] version existing at the time of the relevant events in *Mancusi*.").[1]

## B.      The Plain Text of the Statute

"As in all statutory construction cases, we begin with the language of the statute." *Barnhart v. Sigmon Coal Co.*, 534 U.S. 438, 450 (2002). And, on its face, § 1783 is clear: federal courts are not limited to compelling testimony in their own proceedings. Accordingly, there is no textual basis for limiting § 1783 to such cases. *See* § 1783(a). Generally, courts may not graft atextual limits onto clear statutory language; that's a key canon of statutory construction. *See Turkiye Halk Bankasi A.S. v. United States*, 598 U.S. 264, 269 (2023) (declining to "graft an atextual limitation onto [the statue's] broad jurisdictional grant over 'all offenses'…., which operates 'without regard to the identity or status of the defendant'"); *Barnhart*, 534 U.S. at 450 (courts "determine whether the language at issue has a plain and unambiguous meaning" and stops "if the statutory language is unambiguous and 'the statutory scheme is coherent and consistent'").

## C.      Authority Interpreting § 1783

Legal authority interpreting § 1783 is sparse, with only a few hundred opinions over the last century. Within that limited body of law, cases involving stand-alone subpoena applications (like those for state court proceedings) are even more rare. This is largely because such applications are frequently unopposed and granted without a reasoned or written opinion.

---

[1] In *Mancusi v. Stubbs*, 408 U.S. 204 (1972), the U.S. Supreme Court held that a witness who had moved to Sweden was "unavailable" for purposes of the Confrontation Clause based, in part, on the pre-1964 version of § 1783(a), which did not authorize a federal court to subpoena a witness for testimony in a state trial. *Id.* at 212. The Court recognized the result may be different post-amendment but had no reason to reach the issue. *Id.* at 212 n.2 ("That amendment was not available to the Tennessee authorities for Stubbs' 1964 trial, and therefore we have no occasion to decide whether it would afford assistance to state authorities on the facts represented by this case.").

But courts have often interpreted § 1783 as authorizing federal courts to issue subpoenas for ongoing state litigation. *See, e.g.*, *State v. Oscar H.*, 252 A.3d 842, 234 n.22 (Conn. App. 2021) ("We note that, since *Mancusi* was decided, relevant federal statutes have been amended and now permit a state to seek a subpoena of a United States citizen residing abroad."); *Manocchi v. Moran*, 708 F. Supp. 473, 473 (D.R.I. 1989) (§ 1783 was "amended in 1964 to permit a State to obtain a subpoena from a Court of the United States of a national resident of the United States who is in a foreign country to appear before a state court criminal proceeding"), *rev'd on other grounds*, 919 F.2d 770 (1st Cir. 1990); *People v. St. Germain*, 138 Cal. App. 3d 507, 517-18 (Cal. Ct. App. 1982) (interpreting § 1783 in the context of a witness-availability analysis for hearsay/confrontation clause purposes and holding that prosecutors "had available the remedy of a subpoena to be issued by the federal courts requiring the appearance as a witness before a 'body designated by it'—here the superior court jury—'of a national or resident of the United States who is in a foreign country....'"). And this Court has previously granted miscellaneous applications under § 1783 for subpoenas to be used in cases that were not pending in federal court. *See, e.g.*, *In Re Meta Platforms, Inc.*, 1-24-mc-00182 & 1-24-mc-00183 (D. Del.) (granting subpoenas for U.S. citizens residing in Canada and Germany, respectively, to testify in agency proceedings).

Conversely, there appears to be only a single reported instance of a court *rejecting* a § 1783 application on the grounds that the underlying proceeding was pending in state court, *Adams v. Johnson & Johnson Co.*, No. CIVA 09-6030 (GEB), 2010 WL 1462947 (D.N.J. Apr. 9, 2010). That decision is an outlier; it has never been cited as precedent by any other court. Moreover, the opinion is legally flawed in several ways.

*First*, it ignores the plain text of the statute, which contains no limits on the underlying proceedings. *See* 28 U.S.C. § 1783(a); *Turkiye*, 598 U.S. at 269.

3

*Second*, after bypassing the statutory text, it misreads the legislative history surrounding the 1964 amendments. The *Adams* court claimed the history "suggests the amendments were passed in order to facilitate proceedings in foreign jurisdictions, not state courts." *Adams*, 2010 WL 1462947, at *3. However, the relevant legislative history says nothing about assisting with foreign proceedings; aiding foreign proceedings is the provenance of a related statute, 28 U.S.C. § 1782 (which was amended at the same time as § 1783). *See* S. Rep. 88-1580, § 10 at 3790-91 (1964) (**Ex. 3)**); *see also id.* § 9 at 3788-89 (discussing § 1782). Rather, the Senate Report notes that the pre-amendment (original) "Walsh Act of 1926 authoriz[ed] the court to subpena [sic] a citizen outside the [U.S.] who has failed to appear before a foreign court pursuant to a letter rogatory from a U.S. district court." *Id.* at 3790. This statement merely describes the process of using foreign tribunals as intermediaries to serve U.S. letters rogatory, attempts at which were a prerequisite to invoking the pre-amendment § 1783. *Id.*; *see also id.* at 3785 (describing letters rogatory process).[2] The reference to "foreign court[s]" identifies their role in the letters rogatory process, not the forum of the underlying litigation. *Id.* at 3790. *Adams* was mistaken.

In reality, § 1783 was amended for a number of reasons. Among them, because "[in] 1963, the Second Circuit … held that a subpoena could not issue pursuant to old Section 1783 to compel the appearance of a United States citizen residing in the Philippines before a New York grand jury." Hans Smit, *International Litigation Under the United States Code*, 65 Colum. L. Rev. 1015, 1036 (1965). "New Section 1783 explicitly overrules this decision by specifying that the court may

---

[2] Hans Smit, *International Aspects of Federal Civil Procedure*, 61 Colum. L. Rev. 1031, 1051 (1961), *cited by* S. Rep. 88-1580, § 10 at 3790-91 (1964) (pre-amendment, § 1783 could only be invoked "if a United States citizen or resident ha[d] failed to answer questions propounded in proceedings pursuant to letters rogatory issued by an American court").

4

require production of the evidence both before the court itself as well as before 'a person or body designated by it.'" *Id.* This supports the notion that § 1783 now applies to state court proceedings.

*Third*, the court's jurisdictional holding was fundamentally flawed. *Adams*, 2010 WL 1462947, at *2. Federal courts often hear *ex parte* subpoena applications under the related statute § 1782, which allows courts to issue subpoenas in aid of contemplated foreign proceedings, and routinely find jurisdiction exists to adjudicate those requests, despite the lack of federal court jurisdiction over the underlying controversy. *See, e.g.*, *Kiobel by Samkalden v. Cravath, Swaine & Moore LLP*, 895 F.3d 238, 243 (2d Cir. 2018) (noting that a "district court possesses jurisdiction to grant a Section 1782 petition" when the basic statutory prerequisites are met); *In re Ex Parte Glob. Energy Horizons Corp.*, 647 F. App'x 83, 85 n.1 (3d Cir. 2016) ("The district court had jurisdiction pursuant to 28 U.S.C. § 1782."); *In re Chevron Corp.*, 650 F.3d 276, 286 (3d Cir. 2011) (finding that "[t]he District Court had jurisdiction pursuant to 28 U.S.C. § 1782" but reversing grant of discovery on unrelated grounds). To hold otherwise would disturb settled law and effectively render § 1783 a dead letter, stripping federal courts of the power to enforce a federal statutory remedy.

The *Adams* decision is an outlier that fails to withstand scrutiny. In contrast, the plain text of § 1783—bolstered by traditional principles of statutory construction—and the weight of available written decisions interpreting § 1783 confirm that federal courts possess the requisite authority to issue subpoenas for U.S. nationals abroad, regardless of whether the underlying litigation is pending in a state or federal forum.

## CONCLUSION

Accordingly, the Court should enter the Proposed Order submitted with Toptal's Application and issue the revised subpoenas attached as Exhibits 1 and 2 to this Supplement.

Dated: May 15, 2026

OF COUNSEL:

Megan L. Meier
Mark R. Thomson
Devin K. Bolger
MEIER WATKINS PHILLIPS PUSCH LLP
919 18th Street NW, Suite 650
Washington, DC 20006
Tel: (202) 318-3655
megan.meier@mwpp.com
mark.thomson@mwpp.com
devin.bolger@mwpp.com

Respectfully submitted,

FARNAN LLP

/s/ Michael J. Farnan
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 N. Market St., 12th Floor
Wilmington, DE 19801
Tel: (302) 777-0300
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Attorneys for Toptal LLC*

6