# Exhibit 3

Case 1:26-mc-00223-RGA    Document 5-3    Filed 05/15/26    Page 2 of 12 PageID #: 172

S. REP. 88-1580, S. Rep. No. 1580, 88TH Cong., 2ND Sess. 1964, 1964 U.S.C.C.A.N. 3782, 1964 WL 4882 (Leg.Hist.)

P.L. 88-619, JUDICIAL PROCEDURES-- LITIGATION WITH INTERNATIONAL ASPECTS

Senate Report (Judiciary Committee) No. 88-1580,

Sept. 15, 1964 (To accompany H.R. 9435)

House Report (Judiciary Committee) No. 88-1052,

Dec. 17, 1963 (To accompany H.R. 9435)

Cong. Record Vol. 110 (1964)

DATES OF CONSIDERATION AND PASSAGE

House Jan. 20, 1964

Senate Sept. 24, 1964

The Senate Report is set out.

(CONSULT NOTE FOLLOWING TEXT FOR INFORMATION ABOUT OMITTED MATERIAL. EACH COMMITTEE REPORT IS A SEPARATE DOCUMENT ON WESTLAW.)

SENATE REPORT NO. 88-1580

Sept. 15, 1964

**\*3782**  THE Committee on the Judiciary, to which was referred the bill (H.R. 9435) to improve judicial procedures for serving documents, obtaining evidence, and proving documents in litigation with international aspects, having considered the same, reports favorably thereon without amendment and recommends that the bill do pass.

## PURPOSE

The purpose of the proposed legislation is to improve U.S. judicial procedures for--

(1) Serving documents in the United States in connection with proceedings before foreign and international tribunals;

(2) Obtaining evidence abroad in connection with proceedings in the United States;

(3) Obtaining evidence in the United States in connection with proceedings before foreign and international tribunals;

(4) Proving foreign official documents in proceedings in the United States;

(5) Subpoenaing witnesses in foreign countries in connection with proceedings in the United States; and

(6) Transmitting letters rogatory between the United States and foreign and international tribunals.

## STATEMENT

This legislation emanated as an executive communication from the Commission on International Rules of Judicial Procedure in accordance with the provisions of section 2(b) of the act of September 2, 1958, Public Law 85-906. These proposals have been developed by the Commission and the Advisory Committee on International Rules of Judicial Procedure with the assistance of the Columbia Law School project on international procedure.

Until recently, the United States has not engaged itself fully in efforts to improve practices of international cooperation in litigation.  **\*3783**  The steadily growing involvement of the United States in international intercourse and the resulting increase in litigation with international aspects have demonstrated the necessity for statutory improvements and other devices to facilitate

the conduct of such litigation. Enactment of the bill into law will constitute a major step in bringing the United States to the forefront of nations adjusting their procedures to those of sister nations and thereby providing equitable and efficacious procedures for the benefit of tribunals and litigants involved in litigation with international aspects.

It is hoped that the initiative taken by the United States in improving its procedures will invite foreign countries similarly to adjust their procedures.

## SECTIONAL ANALYSIS

### Section 1

Section 1 amends the last sentence of title 18, United States Code, section 1621, relating to perjury, to make it clear that the section applies even when the perjury is committed outside the United States.

The addition if the last sentence in the amended version constitutes the only change. It is considered necessary to make clear that the section applies even when the perjury is committed outside of the United States.

Without the proposed amendment, section 1621 leaves in doubt whether it has extraterritorial applications. Its plain meaning seems to support the construction that perjury committed before a person authorized to administer oaths by U.S. law is punishable irrespective of whether it was committed within or without the United States. However, it could be argued that, notwithstanding its broad language, section 1621 applies only to perjury committed within the territory of the United States. (See, generally, Smit, 'International Aspects of Federal Civil Procedure,' 61 Colum.L.Rev. 1031, 1055-56 (1961).)

Whatever the merits of these arguments, there appears to be sufficient reason for eliminating all uncertainty in this regard. It is considered desirable to make unambiguously clear that the section applies irrespective of whether the perjury is committed in the United States or in a foreign country as long as it is committed before a person authorized to administer oaths by U.S. law. Testimony may be taken abroad in many instances before persons who are not consular officers, but are nevertheless authorized by U.S. law to administer oaths, including all cases in which depositions are taken by commission or before masters appointed pursuant to rule 53 of the Federal Rules of Civil Procedure. There is no reason why perjury before such persons should go unpunished, while perjury before U.S. consular officers should be a criminal offense. The proposed bill eliminates this inequality in treatment and provides a desirable incentive for speaking the truth before all persons authorized to administer oaths by U.S. law.

### Section 2

Section 2 amends title 18, United States Code, section 3491, relating to proof of foreign documents to delete a reference to section 1741 of title 28, United States Code.

The existing section provides that a foreign document is admissible in evidence pursuant to its provisions only if it has been certified as provided in both section 3494 of title 18 and section 1741 of title 28, United States Code, and if, in addition, the requirements of section 1732 of title 28 are met. **\*3784** This double certification requirement is unduly burdensome, since section 1741 of title 28 makes foreign official documents admissible without requiring the satisfaction of any other formalities, when certified in accordance with its provisions. Furthermore, section 1741 of title 28 applies only to official foreign documents and the requirement that the provisions of that section be satisfied therefore unduly limits the application of section 3491 to official documents. To avoid these problems, the references to section 1741 are eliminated.

### Section 3

Section 3 repeals the act of July 3, 1930, 46 Stat. 1005, as amended by the act of June 7, 1933, 48 Stat. 117 (22 U.S.C. 270-270g), which is covered by section 9 of the bill.

The provisions of sections 270 through 27c of title 22, United States Code, were first enacted in 1930 (act of July 3, 1930, 46 Stat. 1005). That act gave certain international tribunals and their commissioners authority to administer oaths in proceedings involving a claim in which the United States or any of its nationals was interested. It further declared perjury committed before such tribunals or commissioners punishable and granted powers to issue subpenas and compel the production of evidence. Unfortunately, these provisions have proved inadequate in providing meaningful assistance to international tribunals. In one of the few cases in which they were invoked, the United States-German Mixed Claims Commission held that the United States could not unilaterally grant powers to international tribunals established by agreement and that the powers of such tribunals could be extended only by agreement. (See, e.g., Bonynge, 'Report Before the Mixed Claims Commission ' 205, 206(1934); Sandifer, 'Evidence Before International Tribunals' 211, 212(1939); Jessup, 'National Sanctions for International Tribunals,' 20 A.B.A.J. 56(1934); Smit, 'Assistance Rendered by the United States in Proceedings Before International Tribunals,' 62 Colum.L.Rev. 1264(1962).)

Furthermore, sections 270 through 270c of title 22, United States Code, provided assistance only to a tribunal established by a treaty to which the United States was a party and then only in proceedings involving a claim in which the United States or one of its nationals was interested. This limitation is undesirable. The availability of assistance to international tribunals should not depend on whether the United States has been a party to their establishment or on whether it is involved in proceedings before them. Smit, supra at 1267.

The deficiencies of the 1930 legislation led to enactment of additional provisions, contained in sections 270d through 270g of title 22, United States Code (act of June 7, 1933, 48 Stat. 117). (See generally, 6 Hackworth, International Law 103-04(1943), Anderson, 'Production of Evidence by Subpoena Before International Tribunals,' 27 Am.J.Intl L. 498 (1933); Jessup, supra at 56.) These sections permit the agent of the United States before an international tribunal to invoke the assistance of a district court in compelling the production of testimonial and documentary evidence. **\*3785** They further provide that perjury in examination held pursuant to these sections is to be punished as if committed in U.S. courts and that failure to obey a subpena is punishable as a contempt.

The main drawback of these provisions is that they improperly limit the availability of assistance to the U.S. agent before an international tribunal and require that the evidence relate to a matter in which the United States or any of its nationals is involved. Clearly, the interest of the United States in peaceful settlement of international disputes is not limited to controversies to which it is a formal party. Furthermore, it is only appropriate that the United States make the same assistance available to litigants before international tribunals that, in section 1782 of title 28, United States Code, it makes available to litigants before foreign tribunals. The provisions relating to perjury and contempt are superfluous, since existing perjury and contempt provisions are already applicable by virtue of their own terms.

The deficiencies of sections 270 through 270g of title 22, United States Code, will be eliminated by their repeal provided for in section 3 of the bill and by making the assistance provided by proposed section 1782 of title 28, United States Code, also available in proceedings before international tribunals. The aid rendered to international tribunals is further liberalized by extending to international tribunals and litigants before such tribunals the assistance in serving documents provided by proposed section 1696 of title 28, United States Code.

Section 4

Section 4 adds a new section 1696 to title 28, United States Code, to provide for service of documents in litigation with international aspects.

Under the laws of a number of foreign countries, service of process abroad must or may be made pursuant to a letter rogatory addressed to a tribunal in the country in which the service is to be made. (See, e.g., In Re Letters Rogatory Out of First Civil Court of City of Mexico, 261 Fed. 652 (S.D.N.Y. 1919); Matter of Romero, 56 Misc. 319, 107 N.Y.Supp. 621 (Sup.Ct. 1907). See generally, Jones, 'International Judicial Assistance, Procedural Chaos and A Program for Reform,' 62 Yale L.J. 515, 543-545 (1953).) However, U.S. courts have been reluctant to comply with a letter rogatory containing a request for local service. (See cases cited supra. But cf. De Villeneuve v. Morning Journal Ass'n, 206 Fed. 70 (S.D.N.Y. 1913); 8 Wigmore, Evidence section 2195a, n. 2 (3d ed. 1940).)

Subsection (a) of section 1696, set forth in subsection (a) of section 4 of the bill, permits desirable cooperation with foreign countries in the making of service within the United States. First, it makes clear that the inherent authority of U.S. courts to grant international judicial assistance includes the power to comply with requests for the making of service contained in a letter rogatory issued abroad. (Cf. also De Villeneuve v. Morning Journal Ass'n, 206 Fed. 70 (S.D.N.Y. 1913).) Second, it specifically provides that judicial assistance under this subsection shall not, as a matter of Federal law, add any weight to the claim that the judgment, decree, or order rendered abroad is entitled to recognition in the United States. The assistance in effectuating service provided by this section is also extended to international tribunals and litigants before such tribunals. (See explanatory note to section 3 of the bill; Harvard Research in International Law, 'Draft Convention on Judicial Assistance,' 33 Am.J.Int'l L.Supp. 107(1939).) **3786** In all cases to which this subsection applies, it is left to the discretion of the court whether or not an order directing service should be made and terms should be imposed.

Subsection (b) of the new proposed section 1696 reaffirms preexisting freedom in making service within the United States without the assistance of U.S. courts. It not only makes clear that that freedom remains unaffected by the provisions for judicial assistance in subsection (a) of section 1696, but also provides internationally desirable statutory recognition of the great liberality of the United States in permitting service within its borders in connection with proceeding before foreign and international tribunals.

Subsection (b) of section 4 makes the necessary adjustment to the analysis of chapter 113 of title 28, United States Code.

Section 5

Section 5 amends title 28, United States Code, section 1741 to implement rule 44 of the Rules of Civil Procedures.

The Commission on International Rules of Judicial Procedure and its Advisory Committee in collaboration with the Columbia Law School project on international procedure and the Advisory Committee on Civil Rules of the Standing Committee on Rules of Practice and Procedure of the Judicial Conference of the United States, have developed a revision of rule 44 of the Federal Rules of Civil Procedure that has been approved in principle by the Advisory Committee on Civil Rules and will be submitted for final approval within the near future. Subsection (a) of this section amends section 1741 of title 28, United States Code, to conform it to the proposed new rule 44 of the Federal Rules of Civil Procedure. The section is designed to extend the beneficial provisions of rule 44 to other proceedings to which that rule is not otherwise applicable.

Subsection (b) of section 5 amends the analysis of chapter 115 to conform it to the new heading of section 1741 of title 28, United States Code.

Section 6

Section 6, subsection (a) repeals title 28, United States Code, section 1742, as obsolete.

Subsection (b) of section 6, amends the analysis of chapter 115 to indicate that section 1742 of title 28, United States Code, has been repealed.

Section 1742 provides a method for introducing into evidence a copy of a public document of a foreign government relating to the title to land claimed by or under the United States. Such a copy, when authenticated by the keeper or custodian of the document, certified by an American minister or consul as true, and filed with the General Counsel (formerly the Solicitor) of the Department of the Treasury, is admissible in evidence in any court in which the title to such land comes into question, when certified by the keeper of the U.S. record. Although adopted as early as 1849 (act of February 22, 1849, 9 Stat. 346), the provisions of this section have apparently never been applied in practice. Neither the General Counsel of the Treasury Department nor the Treasury Department itself has any document on file pursuant to this section. And neither the Department of Justice nor the National Archives has been able to locate any document or file indicating the existence of a collection of land records. The complete lack of recourse to section 1742 is hardly amazing, since the requirements of authentication imposed are stringent and difficult to satisfy. **3787** Specifically, the requirement that the American minister or consul certify the copy to be a true copy is apt to lead to problems, since it requires the American officer personally to inspect the land records of foreign countries. For many years, rules such as rule 44 of the Federal Rules of Civil Procedure have afforded less cumbersome methods of authenticating foreign land records. In view of these circumstances and since the proposed revised rule 44 of the Federal Rules of Civil Procedure will provide more appropriate and flexible means of authentication, it is proposed that section 1742 be repealed.

Section 7

Section 7, subsection (a) amends title 28, United States Code, section 1745. It is recommended by the Solicitor of the Patent Office and is approved by the Assistant Attorney General in charge of the Civil Division of the Department of Justice, and the American Patent Law Association. It extends the methods of authentication provided by section 1744 not only to the copies of specifications and drawings of foreign patents that are now mentioned in section 1745, but also to the additional documents enumerated in the proposed revision. Since all these documents are basically of the same nature, it is reasonable that the same authentication procedure apply to all.

Subsection (b) of section 7 amends the analysis of chapter 115 to conform it to the proposed new heading of section 1745 of title 28, United States Code.

Section 8

Section 8, subsection (a) amends title 28, United States Code, section 1781.

The existing section 1781 provides that, after execution, a letter rogatory or commission may be returned to the nearest U.S. Minister or consul, who shall endorse thereon the place and date of his receipt and any change in the condition of the deposition. This provision is partly unnecessary and partly inapposite. It is unnecessary, because U.S. consuls may return executed commissions and letters rogatory without statutory authority and because the subject is governed by administrative regulation. It is inapposite because U.S. consuls are in many cases unable to determine whether any changes in the deposition have been made. It is wholly superseded by proposed new section 1781 set forth in section 8(a) of the bill.

Paragraph (1) of subsection (a) of the proposed revision of section 1781 authorizes the Department of State to receive, transmit, and return letters rogatory issued, or requests made, by foreign and international tribunals. It makes express the authority of the Department of State to comply with reasonable demands for such assistance. These demands may emanate from foreign as well as international tribunals. See explanatory notes to sections 4 and 9 of the bill.

Paragraph (2) of subsection (a) of the proposed revision of section 1781 makes express the authority of the Department of State to assist in the transmittal to foreign and international tribunals of letters rogatory issued, or requests made, by courts in

the United States. Since requests for assistance may be addressed not only to foreign and international tribunals, but also to officers or agencies, it is proposed that the Department be given the power to transmit them to the officers or agencies.

**\*3788** Subsection (b) of the proposed revision of section 1781 explicitly leaves unaffected the freedom directly to transmit letters rogatory and requests to the tribunal, officer, or agency to whom they are addressed without the aid of the Department of State. Such direct transmittal, when possible, is ordinarily more expedient and should not be deemed precluded by the provisions for assistance by the Department of State.

Section 8(b) conforms the analysis of chapter 117 of title 28, United States Code, to the proposed new heading of revised section 1781.

Section 9

Section 9 amends title 28, United States Code, section 1782.

The proposed revision of section 1782, set forth in section 9(a) clarifies and liberalizes existing U.S. procedures for assisting foreign and international tribunals and litigants in obtaining oral and documentary evidence in the United States and adjusts those procedures to the requirements of foreign practice and procedure. See also the explanatory note to section 3 of the bill.

Subsection (a) of proposed revised section 1782 makes clear that U.S. judicial assistance may be sought not only to compel testimony and statements but also to require the production of documents and other tangible evidence. It thus recognized that the need for obtaining tangible evidence may be as imperative as the need for obtaining oral evidence. However, it leaves the issuance of an appropriate order to the discretion of the court which, in proper cases, may refuse to issue an order or may impose conditions it deems desirable. In exercising its discretionary power, the court may take into account the nature and attitudes of the government of the country from which the request emanates and the character of the proceedings in that country, or in the case of proceedings before an international tribunal, the nature of the tribunal and the character of the proceedings before it. The terms the court may impose include provisions for fees for opponents' counsel, attendance fees of witnesses, fees for interpreters and transcribers of the testimony and similar provisions.

Subsection (a) of proposed revised section 1782 also describes the foreign proceedings in connection with which U.S. judicial assistance may be granted. A rather large number of requests for assistance emanate from investigating magistrates. The word 'tribunal' is used to make it clear that assistance is not confined to proceedings before conventional courts. For example, it is intended that the court have discretion to grant assistance when proceedings are pending before investigating magistrates in foreign countries. (See Lelievre in Letters Rogatory 13 (Grossman ed. 1956).) In view of the constant growth of administrative and quasi-judicial proceedings all over the world, the necessity for obtaining evidence in the United States may be as impelling before a foreign administrative tribunal or quasi-judicial agency as in proceedings before a conventional foreign court. Subsection (a) therefore provides the possibility of U.S. judicial assistance in connection with all such proceedings. Finally, the assistance made available by subsection (a) is also extended to international tribunals and litigants before such tribunals. The assistance thus made available replaces, and eliminates the undesirable limitations of, the assistance extended by sections 270 through 270g of title 22, United States Code, which are proposed to be repealed. **\*3789** (See the explanatory note to sec. 3 of the bill; Smit, 'Assistance Rendered by the United States in Proceedings Before International Tribunals,' 62 Colum.L.Rev. 1264, 1267, 1274(1962).

Section 1782 restricts U.S. judicial assistance to countries which the United States is at peace. It is proposed that this provision be omitted as devoid of real significance. Even though the United States is not technically at war with a foreign country, its relations with that country may be so strained as to make the rendering of judicial assistance under this section improper. In such a case, the court will use its discretion to deny a request for assistance although the United States and that country are technically at peace. The present restriction is unneeded when the foreign country from which the request for assistance emanates is at war

with the United States. In that case, the relations with that country are regulated by the Trading With the Enemy Act (40 Stat. 411(1917), 50 App.U.S.C.sec. 1-40(1951)).

A request for judicial assistance under the proposed revision may either be contained in a letter rogatory or other request or be made in a direct application by an interested person, such as a person designated by or under a foreign law, or a party to the foreign or international litigation. Subsection (a) specifically so provides. It further makes clear that any person designated by the court as the person before whom the testimony is to be given will, by virtue of his appointment, have the power to administer the necessary oaths. A provision to the latter effect is necessary to overcome possible doubt as to the authority to administer oaths of the person judicially designated. For such doubt under existing law, see Jones, in Letters Rogatory, 85, 86 (grossman ed. 1961). For a similar solution of a similar problem, see Federal Rules of Civil Procedure 28(a); Smit, International Aspects of Federal Civil Procedure' (61 Colum.L.Rev. 1031, 1057(1961)).

Subsection (a) of proposed revised section 1782 also puts beyond question that a person designated by a foreign or international tribunal to take the testimony or statement or to supervise the production of tangible evidence may, pursuant to a letter rogatory or request or upon direct application, be designated by a U.S. court as the person before whom the evidence is to be produced. By thus permitting U.S. authority to be coupled with foreign or international authority, proposed revised subsection (a) permits effective and desirable assistance to foreign and international courts and litigants before such courts. For a case denying such assistance under existing law, see Janssen v. Belding-Corticelli, Ltd. (84 F.2d 577 (3d Cir. 1936)).

Subsection (a) of proposed revised section 1782 gives the court complete discretion in prescribing the procedure to be followed. It permits, but does not command, following the foreign or international practice. If the court fails to prescribe the procedure, the appropriate provisions of the Federal Rules of Civil Procedure are to be followed, irrespective of whether the foreign or international proceeding or investigation is of a criminal, civil, administrative, or other nature.

The second paragraph of proposed revised subsection (a) of section 1782 makes clear that no person shall be required under the provisions of this section to produce any evidence in violation of an applicable privilege. **\*3790** This flexible provision is considerably broader in scope than existing section 1785 of title 28, United States Code, which it is intended to replace. It applies to all proceedings conducted pursuant to section 1782 and provides for the recognition of all privileges to which the person may be entitled, including privileges recognized by foreign law. The absence of specific reference to any particular privilege leaves the recognition of the privileges to which the person is entitled to development by case law or separate statute or rule. This seems appropriate since the law in this area is still developing and the desirability of uniform rules of evidence for the district courts is currently under consideration. (See Weinstein, 'Recognition in the United States of the Privileges of Another Jurisdiction,' 56 Colum.L.Rev. 535(1956); 'Comm. on Rules of Practice and Procedure of the Judicial Conference of the U.S., a Preliminary Report on the Advisability and Feasibility of Developing Uniform Rules of Evidence for the United States District Courts' (February 1962); see also the explanatory note to section 12 of the bill.)

Subsection (b) of proposed revised section 1782 reaffirms the pre-existing freedom of persons within the United States voluntarily to give testimony or statements or produce tangible evidence in connection with foreign or international proceedings or investigations. This explicit reaffirmation is considered desirable to stress in the relations with foreign countries the large degree of freedom existing in this area in the United States. It also serves to make clear that subsection (a) leaves that freedom unaffected.

Section 9(b) of the bill amends the analysis of chapter 117 of title 28, United States Code, to conform it to the proposed new heading of section 1782.

## Section 10

Section 10 amends title 28, United States Code, section 1783, the Walsh Act of 1926, authorizing the court to subpena a citizen outside the United States who has failed to appear before a foreign court pursuant to a letter rogatory from a U.S. district court.

Subsection (a) of proposed revised section 1783 brings needed reform by providing not only for compulsory testimony, but also for compulsory production of documents and other tangible evidence. At present, there exists no explicit provision for the issuance of a subpena abroad aimed at the production of documentary or other tangible evidence. (See Smit, International Aspects of Federal Civil Procedure, 61 Colum.L.Rev. 1031, 1052(1961).)

Subsection (a) of the proposed revised section 1783 permits the issuance of a subpena to be served in a foreign country in all criminal proceedings, including grand jury proceedings, in which the issuance is found to be in the interest of justice, irrespective of whether the subpena is desired by the prosecution or the accused. It thus achieves equality of treatment in accord with American traditions of fairplay in regard to the accused. If the court is of the opinion that the interest of justice can be served by a deposition, without the personal appearance of the witness at the trial, it is not precluded from exercising its discretion and denying the subpena.

The courts may be trusted not to encourage irresponsible recourse by the accused to the provisions of this section.

*3791 A subpena to be served abroad in other than criminal proceedings may be issued only if the court finds that its issuance is in the interest of justice, and, in addition, that the testimony or evidence sought cannot be obtained in another manner. The purpose of the different language used with respect to noncriminal cases is to restrict still further the extraordinary subpena power in such cases.

In determing whether the issuance of a subpena is in the interest of justice, the court may take into account the nature of the proceedings, the nature of the testimony or the evidence sought, the convenience of the witness or the producer of the evidence, the convenience of the parties, and other facts bearing upon the reasonableness of requiring a person abroad to appear as a witness or to produce tangible evidence. The new criteria guarantee not only that in proper cases a subpena will always be available, but also that burdens upon U.S. citizens and residents abroad will not be imposed without compelling reason.

Subject to the limitations set forth in subsection (a) of proposed revised section 1783, the issuance of the subpena is wholly within the discretion of the court which may impose whatever conditions it considers proper.

Subsection (b) of proposed revised section 1783 no longer limits service of the subpena and other documents to personal service abroad by the U.S consul. For a discussion of the difficulties that may be encountered by a U.S. consul in making personal service in a foreign country, see Jones, 'International Judicial Assistance: Procedural Chaos and a Program for Reform,' (62 Yale L.J. 515, 534-538(1953; Smit, supra at 1047). Subsection (b) of proposed revised section 1783 makes available all methods of service provided for in the Federal Rules of Civil Procedure. The Commission on International Rules of Judicial Procedure and its Advisory Committee, in collaboration with the Columbia Law School project on international procedure and the Advisory Committee on Civil Rules of the Standing Committee on Rules of Practice and Procedure of the Judicial Conference of the United States, developed a new subdivision (i) of rule 4 governing service of process in a foreign country. This amendment to rule 4 was promulgated by the Supreme Court and became effective on July 1, 1963 (title 28, United States Code, App. (Supp. V 1959-63)).

Section 10(b) conforms the analysis of chapter 117 of title 28, United States Code, to the proposed new heading of section 1783.

Section 11

Section 11 amends title 28, United States Code, section 1784, to provide enforcement machinery for subpenas to be issued under 28 U.S.C. 1783; to conform it to the proposed amendments to section 1783 and to provide greater clarity.

Section 12

Section 12 repeals title 28, United States Code, section 1785, as covered by the amendments to title 28, United States Code, section 1782 proposed by section 9.

Section 1785, on its face, permits recourse to the privilege against self-incrimination only in proceedings conducted pursuant to letters rogatory. This limitation is undesirable, since section 1782 of title 28, United States Code, also provides for compulsory testimony in other examinations and there is no reason for discrimination. **\*3792** (See 4 Moore, Federal Practice, sec. 28.09, note 12 (2d ed. 1950).)

Section 1785 is subject to the added criticism that, on its face, it permits a witness to invoke the privilege against self-incrimination if the evidence sought would tend to incriminate him under the law of any state or country of the world. This is clearly too broad. (See 8 Wigmore, Evidence, sec. 2258 (McNaughton ed. 1961).) The privilege should not be available unless there is at least a reasonable connection between the person asked to produce the evidence and the state or country under the laws of which he claims the possibility of incrimination. Among the factors which the court may consider in determining the existence of such a connection are nationality, domicile, forum, and the place of relevant events.

The various objections to section 1785 are met by its repeal and the insertion in proposed revised section 1782 of a provision that makes clear that in all examinations pursuant to that section a person is allowed to invoke any privilege to which he is entitled. A provision to that effect leaves sufficient room for future developments regarding the scope of the privilege against self-incrimination and at the same time stresses judicial freedom to achieve equitable accommodation of the witness' interests.

Section 12(b) eliminates the reference to section 1785 from the analysis of chapter 117 of title 28, United States Code.

This legislation has the support of the Department of Justice, the Administrative Office of the United States Courts, and the American Bar Association.

The committee is of the opinion that the proposed improvements are urgently needed to render procedures in the U.S. courts more efficient, more effective, and more economical. Accordingly, the committee recommends favorable consideration of H.R. 9435, without amendment.

Attached hereto and made a part hereof is the executive communication directed to the Speaker of the House of Representatives; a letter from the late President John F. Kennedy, dated May 27, 1963, to Chairman Cox, of the Commission on International Rules of Judicial Procedure; and a letter to the chairman of the Senate Committee on the Judiciary, the Honorable James O. Eastland, from the Director of the Administrative Office of the United States Courts.

COMMISSION ON INTERNATIONAL
RULES OF JUDICIAL PROCEDURE,
Washington, D.C., May 28, 1963.

Hon. JOHN W. McCORMACK,

Speaker, U.S. House of Representatives,

Washington, D.C.

DEAR MR. SPEAKER: The Commission on International Rules of Judicial Procedure herewith submits for your consideration and appropriate reference a proposed bill to improve judicial procedures for serving documents, obtaining evidence, and proving documents in litigation with international aspects, which has been drafted and recommended to the

President in accordance with the provisions of section 2(b) of the act of September 2, 1958, Public Law 85-906. The proposed bill is accompanied by historical and explanatory notes.

The draft legislation has been developed by the Commission and Advisory Committee on International Rules of Judicial Procedure with the assistance of the Columbia Law School project on international procedure. **\*3793** It is submitted in accordance with a request of the President of May 27, 1963, of which a copy is attached.

The principal purposes of the proposed bill are to improve U.S. judicial procedures for:

(1) serving documents in the United States in connection with proceedings before foreign and international tribunals;

(2) obtaining evidence abroad in connection with criminal proceedings in the United States;

(3) obtaining evidence in the United States in connection with proceedings before foreign and international tribunals;

(4) proving foreign official documents in proceedings in the United States;

(5) subpoenaing witnesses in foreign countries in connection with proceedings in the United States; and

(6) transmitting letters rogatory between the United States and foreign and international tribunals.

The proposed improvements are needed to render procedures in the United States more efficient, more effective, and more economical.

The drafting of the proposed bill has been an important part of the work performed by the Commission and its Advisory Committee in discharging their statutory obligation to 'investigate and study existing practices of judicial assistance and cooperation between the United States and foreign countries with a view to achieving improvements.' Since their establishment by act of September 2, 1958, Public Law 85-906, the Commission and its Advisory Committee have been engaged in promoting achievement of their statutory responsibilities to render 'more readily ascertainable, efficient, economical, and expeditious ' the 'procedures necessary or incidental to the conduct and settlement of litigation in State and Federal courts and quasi-judicial agencies.' To that end, the Commission and its Advisory Committee have cooperated closely with the Columbia Law School project on international procedure and with the Advisory Committees on Civil, Criminal, and Admiralty Rules of the Standing Committee on Rules of Practice and Procedure of the Judicial Conference of the United States. This collaboration has produced proposals for the revision of the rules for service of process in a foreign country, taking depositions in a foreign country, determination of foreign law, and proof of foreign official records, which are currently being considered for eventual adoption and promulgation by the Supreme Court of the United States. The proposals for service of process in a foreign country and taking depositions in a foreign country were promulgated by the Supreme Court on January 21, 1963, as revised Rules of Civil Procedure 4(i) and 28(b), and will become effective on July 1, 1963. The Commission and its Advisory Committee, together with the Columbia Law School project, have similarly joined efforts with the National Conference of Commissioners on Uniform State Laws in the drafting of a Uniform Interstate and International Procedure Act approved by the Conference on August 3, 1962, and by the American Bar Association on February 4, 1963.

Until recently, the United States has not engaged itself fully in efforts to improve practices of international cooperation in litigation. The steadily growing involvement of the United States in international intercourse and the resulting increase in litigation with international aspects have demonstrated the necessity for statutory improvements and other devices to facilitate the conduct of such litigation. Enactment of the proposed bill into law will constitute a major step in bringing the United States to the forefront of nations adjusting their procedures to those of sister nations and thereby providing equitable and efficacious procedures for the benefit of tribunals and litigants involved in litigation with international aspects.

The Commission hopes that the initiative taken by the United States in improving its procedures will invite foreign countries similarly to adjust their procedures. **\*3794** With the help of the Columbia project, the Commission and its Advisory Committee have promoted study and discussion of their proposals in foreign countries. Enactment of the proposed bill should encourage foreign nations to follow the example of the United States.

An identical letter is being sent to the President of the Senate.

Very truly yours,

OSCAR COX, Chairman.

In a letter to Chairman, Cox, dated May 27, 1963, the late President John F. Kennedy stated:

This proposal has been reviewed within the Administration, and we have reached the conclusion that the procedural reforms which its enactment would accomplish would be most desirable from the standpoint of the administration of international justice on behalf of private litigants. I request, therefore, that you, in your capacity as Chairman of the Commission, transmit the proposal to the Congress where, I hope, it will receive early consideration.

ADMINISTRATIVE OFFICE OF THE U.S. COURTS,
Washington, D.C., March 23, 1964.

Re H.R. 9435, to improve judicial procedures for serving documents, obtaining evidence, and proving documents in litigation with international aspects.

Hon. JAMES O. EASTLAND,

Chairman, Committee on the Judiciary,

U.S. Senate, Washington, D.C.

DEAR MR. CHAIRMAN: I would like to inform you that the Judicial Conference of the United States, at its recent session on March 16 and 17, considered the House passed bill, H.R. 9435, and voted to approve this bill.

The procedures that would be presented by this legislation are those developed through the work of the Commission on International Rules of Judicial Procedure. If adopted, they would alleviate some of the many procedural problems private litigants now face in prosecuting litigation with international aspects.

Respectfully yours,

WARREN OLNEY III, Director.

(Note: 1. PORTIONS OF THE SENATE, HOUSE AND CONFERENCE REPORTS, WHICH ARE DUPLICATIVE OR ARE DEEMED TO BE UNNECESSARY TO THE INTERPRETATION OF THE LAWS, ARE OMITTED. OMITTED MATERIAL IS INDICATED BY FIVE ASTERISKS: \*\*\*\*\*. 2. TO RETRIEVE REPORTS ON A PUBLIC LAW, RUN A TOPIC FIELD SEARCH USING THE PUBLIC LAW NUMBER, e.g., TO(99-495))

S. REP. 88-1580, S. Rep. No. 1580, 88TH Cong., 2ND Sess. 1964, 1964 U.S.C.C.A.N. 3782, 1964 WL 4882 (Leg.Hist.)

---

**End of Document**

© 2026 Thomson Reuters. No claim to original U.S. Government Works.