**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re Application of | |
| TOPTAL, LLC, | No. 26-mc-223-RGA |
| *Applicant.* | |

### <u>TOPTAL LLC'S REPLY IN SUPPORT OF ITS § 1783 APPLICATION</u>

Applicant Toptal, LLC writes briefly to clarify and respond to the limited points made by Bloomberg in its May 26, 2026 submission (D.I.. 9).

***First***, this Court has subject-matter jurisdiction because a § 1783 petition presents a federal question: it arises under a federal statute, the plain text of which empowers federal courts to subpoena Americans abroad to testify and produce documents in U.S. proceedings. *See* 28 U.S.C. §§ 1331, 1783. And, on its face, § 1783 is clear: federal courts are not limited to compelling testimony in their own proceedings.

***Second***, Bloomberg fails to engage with the plain text of § 1783 and those points should be deemed conceded.  Its only authority is a single fifteen-year-old district court opinion— unreported and never since cited—and it fails to respond to the issues with that opinion, which were documented in Toptal's earlier submission.  *See* D.I. 5 at 3-5.  Beyond that, Bloomberg offers minimal attempts to distinguish Toptal's cases.

***Third***, contrary to Bloomberg's suggestion Taiwan is not a party to the Hague Service Convention (nor the Evidence or Apostille conventions either) and it does not allow for service of process by mail. Given those realities and the rapidly approaching end of discovery in the Delaware Litigation, authorizing service by mail is the only viable way to depose Lee in the near future.

1

Bloomberg's arguments to the contrary are nothing more than a perpetuation of their overall efforts to prevent the Lee deposition.

*Finally*, Toptal's Application argued that "Toptal was not initially aware of the extent of Lee's involvement and, accordingly, that Lee needed to be deposed" but explained that it could not provide further details because Bloomberg had designated the material confidential. D.I. 1 at 3. In response, Bloomberg filed two of its own documents showing that Lee spoke with Toptal's founder one night in November 2023. Those two communications do not reflect the extent of Lee's involvement in the defamatory reporting, which Toptal only discovered after Lee left the company. D.I. 1 at 3-4. Bloomberg's selective submission is, at best, inaccurate, and Toptal cannot answer it with a full record: Bloomberg has designated nearly all of its discovery confidential and prevented Toptal from using those materials and information in collateral subpoena-related proceedings. But, suffice to say, the two documents that Bloomberg chose to file do not accurately reflect the extent of Lee's involvement. Toptal notes this only to correct the record.

Accordingly, Toptal's Application should be granted.

Dated: June 2, 2026

OF COUNSEL:

Megan L. Meier (*pro hac vice*)
Mark R. Thomson (*pro hac vice*)
Devin K. Bolger (*pro hac vice*)
Meier Watkins Phillips Pusch LLP
919 18th Street NW, Suite 650
Washington, DC 20006
Tel: (202) 318-3655
megan.meier@mwpp.com
mark.thomson@mwpp.com
devin.bolger@mwpp.com

Respectfully submitted,

FARNAN LLP

/s/ Brian E. Farnan
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 N. Market St., 12th Floor
Wilmington, DE 19801
Tel: (302) 777-0300
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Attorneys for Toptal, LLC*

3